UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TEENA G., | Case No. 6:20-cv-01807-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

Plaintiff Teena G. [1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f. This court has jurisdiction pursuant to 42 U.S.C. § 1383(c)(3). All parties have consented to allow a

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

Magistrate Judge to enter final orders and judgment in this case in accordance with 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's final decision is AFFIRMED.

*Procedural Background*

Plaintiff protectively filed for DIB on December 28, 2017, alleging disability beginning March 10, 2017, due to anxiety with panic attacks and insomnia; bipolar disorder; post-traumatic stress disorder ("PTSD"); obsessive-compulsive disorder ("OCD"); depressive disorder; arthritis in the cervical spine, finger, and hands; hypothyroidism; Hashimotos thyroiditis; and abridged heart artery. Tr. Soc. Sec. Admin. R. ("Tr.") at 79, 188–89, ECF No. 11. Plaintiff's date last insured ("DLI") for benefits was June 30, 2022. Tr. 190. Her application was initially denied on May 31, 2018, and upon reconsideration on August 28, 2018. Tr. 120, 126. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on November 5, 2019. Tr. 30–77. After receiving testimony from Plaintiff and a vocational expert, the ALJ issued a decision on December 9, 2019, finding Plaintiff not disabled within the meaning of the Act. Tr. 22. The Appeals Council denied Plaintiff's request for review on August 12, 2020. Tr. 1–6. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

Plaintiff was born on February 16, 1958, was fifty-nine on her alleged onset date, and sixty-one on the date of the ALJ's decision. Tr. 11, 78. Plaintiff has at least a high school education and past relevant work as an inspector/hand packager, and production assembler. Tr. 21–22, 208.

*The ALJ's Decision*

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful employment since March 10, 2017, the alleged onset date. Tr. 16. At step two, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease in the

Page 2 – OPINION AND ORDER

lumbar spine with annular tears and stenosis; cervical spondylosis; degenerative joint disease in the hands; inflammatory arthropathy; right foot neuropathy; left foot plantar fibroma; obesity; bipolar disorder; PTSD; and anxiety disorder. Tr. 16. At step three, the ALJ determined that Plaintiff's severe impairments, singly or in combination, do not meet or equal the listing criteria of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526) and the criteria of listings 1.02, 1.04, 12.04, and 12.06. Tr. 17.

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except: the claimant can stand and walk 20 minutes at a time up to 2 hours total in an 8-hour workday; can sit one hour at a time up to 8 hours total in an 8-hour workday; can frequently climb ramps and stairs; can occasionally climb ladders, ropes, or scaffolds; can frequently stoop and kneel; can occasionally crouch and crawl; can frequently handle and finger bilaterally; and should have only brief interactions with coworkers and general public and should not be required to work around more than 10 people in an enclosed space. Tr. 18. At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as an inspector/hand packager, and production assembler. Tr. 21. Accordingly, the ALJ found that Plaintiff was not disabled under the Act and denied her application for disability benefits. Tr. 22.

*Issues for Review*

Plaintiff asserts the ALJ made the following errors: (1) improperly rejected Plaintiff's subjective symptom testimony; and (2) failed to remand for an award of benefits. (Pl.'s Br., ECF No. 12, at 4, 10.) The Commissioner argues the ALJ's decision is supported by substantial evidence and is free of legal error. (Def.'s Br., ECF No. 13, at 2–9.)

/ / / / /

/ / / / /

Page 3 – OPINION AND ORDER

*Standard of Review*

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009. "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

I.   The ALJ Did Not Err in Evaluating Plaintiff's Subjective Symptom Testimony

   *A.   Standards*

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915,

Page 4  – OPINION AND ORDER

918 (9th Cir. 1993). The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, available at 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

    B.    *Analysis*

Here, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" and did not identify evidence of malingering. Tr. 19. However, the ALJ concluded Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 19. In particular, the ALJ cited the medical record and other evidence to support the decision. Plaintiff argues the ALJ

failed to identify clear and convincing reasons for discounting her subjective symptom testimony. (Pl.'s Br. at 4–10.)  The court disagrees.

        1.        Objective Medical Evidence

"An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination."  *Brown-Hunter v. Colvin*, 806 F. 3d 487, 489 (9th Cir. 2015).  Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (holding the reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").  Additionally, although lack of supporting medical evidence cannot form the sole basis for discounting subjective pain testimony, it is a factor the ALJ may consider.  *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

In the decision, the ALJ extensively cites to Plaintiff's treatment records noting "some complaints and positive clinical findings but not to the degree alleged."  Tr. 19.  Specifically, the ALJ cites a treatment record from June 2017, shortly after the alleged onset date, where Plaintiff was found "to have a normal physical and mental examination; including proper orientation, normal mood and affect, normal behavior and thought content, and no musculoskeletal abnormalities."  Tr. 19 (citing Tr. 447).  The ALJ also cites to a treatment record from July 2017 where Plaintiff "complained of palpitations and chest pain but was found to have a substantially normal physical examination."  Tr. 19 (citing Tr. 284).  Additionally, the ALJ cites to a treatment record from December 2017 where Plaintiff reported "that her psychiatric medications were helping[].  She was found to have dysphoric mood, hallucinations, and sleep disturbance but had

Page 6 – OPINION AND ORDER

an otherwise normal mental and physical examination." Tr. 19 (citing Tr. 322). In January 2018, the Plaintiff "was found to be negative for anxiety, depression, and insomnia; and she had a normal physical examination." Tr. 19 (citing Tr. 689). In February 2018, the Plaintiff "complained of mood swings and crying spells but she was found to have a normal mental status examination." Tr. 19 (citing Tr. 567). Treatment notes from March 2018 "indicate complaints of neck pain and stiffness and she was found to have some tenderness and reduced range of motion but her examination was otherwise normal." Tr. 19 (citing Tr. 733). In April 2018, Plaintiff "underwent an x-ray of the left foot . . . that found a small calcaneal cortically-based fracture but stable alignment." Tr. 19 (citing Tr. 1200). In May 2018, Plaintiff "was found to be positive for fatigue and decreased concentration but she had normal motor behavior and unremarkable mood and affect" and an x-ray of the left foot "found no abnormalities." Tr. 19 (citing Tr. 782, 748). Treatment notes from July 2018 indicate that Plaintiff "underwent a CT scan of the abdomen that found no acute findings that would explain the claimant's chronic vomiting." Tr. 20 (citing Tr. 754). Those notes also indicate Plaintiff "appeared to be overweight but had a normal musculoskeletal and psychiatric examination." Tr. 20 (citing Tr. 872). In July 2019, examination records found Plaintiff "to have normal muscle strength, normal gait and station, anxious and irritable mood, blunted affect, fair attention and concentration, and fair memory and judgment." Tr. 20 (citing Tr. 1066). The ALJ reasonably used the lack of supporting medical evidence to illustrate contradictions in her testimony and thus reasonably rejected Plaintiff's symptom testimony on this basis. Therefore, the court concludes the ALJ's first rationale provides a specific, clear, and convincing reason for discounting Plaintiff's subjective symptom testimony.

/ / / / /

Page 7 – OPINION AND ORDER

2.     Other Evidence

"Other evidence" includes: the claimant's hearing testimony and any other information the claimant provides regarding symptoms at any step of the administrative process. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, at *6-9. "Other evidence" factors are identified in the regulations as a single list. The list includes three primary domains: claimant's activities of daily living; claimant's reported descriptions of symptoms; and claimant's treatment history. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

a.  Activities of Daily Living

An ALJ may invoke activities of daily living in the context of discrediting subjective symptom testimony to (1) illustrate a contradiction in previous testimony or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ notes Plaintiff's descriptions about her daily activities "are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Tr. 21. Specifically, the ALJ notes Plaintiff's testimony that "she is able to drive to the store and to doctor appointments, cook, and perform household chores. In her function report, the claimant reported that she is able to perform personal care, make meals, do laundry and yardwork, and go shopping." Tr. 21 (citing Tr. 240–243).

The ALJ reasonably used plaintiff's activities of daily living to illustrate contradictions in her testimony and thus reasonably rejected Plaintiff's symptom testimony on this basis. *See Orn*, 495 F.3d at 639. Contradictory statements are a clear and convincing reason to reject symptom testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). In sum, the ALJ's interpretation was reasonable and the ALJ made the requisite specific findings to reject Plaintiff's

Page 8 – OPINION AND ORDER

subjective symptom testimony. Furthermore, the ALJ's reasoning is supported by substantial evidence in the record. *See* Tr. 49, 53–58, 324, 351–52, 1064, 1066–67, 1073, 1075, 1084, 1091–92. Because the ALJ's findings are supported, they must be upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (holding if evidence exists to support more than one rational interpretation, the court is bound to uphold the ALJ's findings).

II.   Remand for Immediate Payment of Benefits is Not Warranted

   *A.   Standards*

After finding an ALJ erred, the court has discretion to reverse and remand either for further proceedings or for an award of benefits. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Generally, the court will remand to the agency for additional investigation or explanation, but the court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014); 42 U.S.C. § 405(g). The issue turns on the utility of further proceedings. *Id.*; *Garrison*, 759 F.3d at 1020. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r Soc. Sec. Admin.*, 635 F.3d 1135, 1138–39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

The Ninth Circuit applies a three-part "credit as true" analysis. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). First, "[t]he district court must [] determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Dominguez*, 808 F.3d at 407. Second, the record must be fully developed, free from conflicts and ambiguities, and that further administrative proceedings

would provide no useful purpose.  *Treichler*, 775 F.3d at 1101; *Garrison*, 759 F.3d at 1020. Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled.  *Garrison*, 759 F.3d at 1020.  If each part of the test is satisfied, the court may exercise its discretion to remand for an award of benefits.  *Id.*

In conducting its review, the court must consider whether there are any inconsistencies between the medical evidence and the claimant's testimony or evidence the ALJ may have overlooked that "casts serious doubt" that the claimant is disabled.  *Burrell*, 775 F.3d at 1141; *Dominguez*, 808 F.3d at 407.  The district court retains flexibility and is not required to credit statements as true merely because the ALJ made a legal error.  *Dominguez*, 808 F.3d at 408; *Garrison*, 759 F.3d at 1021; *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

B.    *The ALJ Did Not Err*

As discussed above, the ALJ's findings are supported by substantial evidence and free of legal error; the ALJ provided adequate reasons for rejecting Plaintiff's subjective symptom testimony.  Therefore, the "credit as true" analysis has not been satisfied and remand is inappropriate.

## Conclusion

Based on the foregoing, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 3rd day of February, 2022.

_____
JOHN V. ACOSTA
United States Magistrate Judge